GARY COMMUNITY SCHOOL CORP., Appellant–Defendant,

v.

Tom POWELL, Appellee–Plaintiff.

No. 45A03–0701–CV–17.

Court of Appeals of Indiana.

Feb. 19, 2008.

Rehearing Denied April 25, 2008.

John P. Reed, Abrahamson, Reed & Bilse, Hammond, IN, Attorneys for Appellant.

Gregory S. Reising, Gary, IN, Anna M. Hearn, Thomas F. Macke, Blachly, Tabor, Bozik & Hartman, LLC, Valparaiso, IN, Attorneys for Appellee.

## OPINION

BAKER, Chief Judge.

Tom Powell worked for Gary Community School Corporation (Gary) as a full-time teacher and a part-time football coach. After taking a medical leave of absence, he was restored to his teaching position but not to his coaching position. He sued the school under the Family and Medical Leave Act (FMLA).[1] The FMLA, however, applies only to full-time employees. We must determine, therefore, whether we look at the total number of hours Powell worked for Gary, in which case the coaching position would be covered by the FMLA, or whether we should instead examine the jobs separately, in which case the teaching position would be covered by the FMLA and the coaching position would not be. After examining the record, we find that because the parties herein treated the jobs as entirely separate and independent of one another, we must follow their lead and examine the jobs separately for the purpose of FMLA coverage. Consequently, Powell's part-time coaching position was not eligible for FMLA coverage and the trial court should have granted summary judgment in Gary's favor.

Appellant-defendant/cross-appellee Gary appeals, among other things, the trial court's order denying Gary's motion for summary judgment on appellee-plaintiff/cross-appellant Powell's complaint. Specifically, Gary argues that the trial court erroneously concluded that Powell was an "eligible employee" pursuant to the FMLA. Gary also raises a number of other arguments regarding the jury verdict and damages award in Powell's favor, and Powell cross-appeals the trial court's calculation of its attorney fees. Inasmuch as we find that Powell was not an eligible em-

---

1. 29 U.S.C. § 2601 et seq.

ployee for the purpose of the FMLA and that the trial court erred by denying Gary's motion for summary judgment against Powell, we need not and will not address Gary's remaining arguments or Powell's cross-appeal. The judgment of the trial court is reversed and remanded with instructions to enter judgment in Gary's favor.

## FACTS

In 2001, Powell worked for Lew Wallace High School (the School) as a full-time math teacher, a night school teacher, a head football coach, and an assistant basketball coach. At that time, the School's coaching positions were part-time, year-to-year positions requiring less than 1,250 work hours per year. Powell had a contract with Gary governing his part-time employment as a football coach that was separate from the contract governing his full-time employment as a math teacher.

On July 31, 2001, on the second day of football practice, Powell developed a blood clot in his leg that required hospitalization. Powell was away from work for nearly three weeks, returning on August 27, 2001. Unfortunately, Powell reinjured himself a few days later when he broke up a fight on the football field. Powell again had to be hospitalized and missed another four weeks of work, returning on October 1, 2001. Upon returning to work, Powell was restored to his full-time job as a math teacher but was not restored to his part-time job as a football coach. Following the 2001 football season, Powell was not re-hired as head football coach or as assistant basketball coach.

On June 2, 2003, Powell filed a complaint against Gary, alleging that its failure to restore him to his part-time job as a football coach violated the FMLA and

seeking damages pursuant to the alleged violation.[2] On April 30, 2004, Gary filed a motion for summary judgment, arguing, among other things, that Powell was not an eligible employee under the FMLA because the football coaching position was part time. On October 18, 2004, Powell filed a cross-motion for summary judgment, arguing that he was entitled to relief as a matter of law.

On November 17, 2004, the Honorable Bryan L. Bradley denied Gary's motion for summary judgment and granted Powell's motion for summary judgment in part. Following a motion for clarification filed by Gary, the trial court issued a clarification on August 8, 2005, explaining that it had concluded as a matter of law that Powell was an eligible employee under the FMLA and that Gary had violated the FMLA by not reinstating Powell to his position as football coach for the balance of the 2001 football season. The trial court also ordered that the matter proceed to trial for a determination of damages. Gary filed a motion to certify the case for interlocutory appeal, which the trial court denied.

A jury trial took place before the Honorable Thomas Webber, Sr., beginning on September 18, 2006, and resulted in a verdict in Powell's favor in the amount of $280,200.20. The trial court reduced the award to $188,919.29, ordered Gary to pay prejudgment interest in the amount of $18,274, and eventually awarded Powell attorney fees in the amount of $125,000. Gary now appeals and Powell cross-appeals.

## DISCUSSION AND DECISION

### I. Standard of Review

Summary judgment is appropriate only if the pleadings and evidence considered

---

**2.** Powell does not challenge Gary's failure to restore him to his position as assistant basket-

ball coach.

by the trial court show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Owens Corning Fiberglass Corp. v. Cobb*, 754 N.E.2d 905, 909 (Ind.2001); *see also* Ind. Trial Rule 56(C). On a motion for summary judgment, all doubts as to the existence of material issues of fact must be resolved against the moving party. *Owens Corning*, 754 N.E.2d at 909. Additionally, all facts and reasonable inferences from those facts are construed in favor of the nonmoving party. *Id.* If there is any doubt as to what conclusion a jury could reach, then summary judgment is improper. *Id.*

An appellate court faces the same issues that were before the trial court and follows the same process. *Id.* at 908. The party appealing from a summary judgment decision has the burden of persuading the court that the grant or denial of summary judgment was erroneous. *Id.* When a trial court grants summary judgment, we carefully scrutinize that determination to ensure that a party was not improperly prevented from having his or her day in court. *Id.*

## II. *Eligibility*

■ The first—and, ultimately, dispositive—issue we must consider is whether Powell is eligible for the protections offered by the FMLA. As explained recently by the Seventh Circuit,

> [u]nder the FMLA, eligible employees are entitled to up to twelve weeks of unpaid leave per year for absence due to, among other things, a "Serious Health Condition" that renders the employee unable to perform the functions of his or her job. 29 U.S.C. § 2612(a)(1)(D); *Kauffman v. Federal Express Corp.*, 426 F.3d 880, 884 (7th Cir.2005). To ensure the entitlement, the FMLA makes it "unlawful for any employer to interfere with, restrain, or

deny the exercise of or the attempt to exercise, any right provided." 29 U.S.C. § 2615(a)(1); *Kauffman*, 426 F.3d at 884. When an employee alleges a deprivation of the substantive guarantees of the FMLA, the employee must establish, by a preponderance of the evidence, an entitlement to the disputed leave. *Rice v. Sunrise Express, Inc.*, 209 F.3d 1008, 1017 (7th Cir.2000); *King v. Preferred Technical Group*, 166 F.3d 887, 891 (7th Cir.1999); *Diaz v. Fort Wayne Foundry Corp.*, 131 F.3d 711, 713 (7th Cir.1997).

*Darst v. Interstate Brands Corp.*, 512 F.3d 903, 908 (7th Cir., 2008). The term "eligible employee" means an employee who has been employed for at least twelve months by the employer and for at least 1,250 hours of service with the employer during the previous twelve-month period. 29 U.S.C. § 2611(2).

Here, we are faced with an employee who performed two discrete, separate, independent jobs for the same employer. One of those jobs was a full-time position and undisputedly qualified for FMLA coverage. The other, however, was a part-time position and did not meet the 1,250–hour threshold for eligibility. The question, which appears to be an issue of first impression nationwide, is whether we focus on the total hours worked for the employer, in which case both jobs are eligible for coverage, or whether we instead examine the jobs separately, in which case the full-time job is covered by the FMLA but the part-time job is not.

■ The FMLA was enacted, in part, "to balance the demands of the workplace with the needs of families ... [and] to entitle employees to take reasonable leave for medical reasons ... in a manner that accommodates the legitimate interests of employers." 29 U.S.C. § 2601(b). When interpreting the FMLA, a court must "re-

spect and give effect," *Ragsdale v. Wolverine World Wide, Inc.*, 535 U.S. 81, 94, 122 S.Ct. 1155, 152 L.Ed.2d 167 (2002), to the "carefully calibrated compromise" Congress reached between the security given to employees and employers' legitimate expectations, *Plumley v. Southern Container, Inc.*, 303 F.3d 364, 372 n. 6 (1 st Cir.2002).

■ Keeping the statutory framework and underpinnings in mind, we turn to the employment relationship of Powell and Gary. As stated above, Powell worked for Gary in a number of capacities, and relevant for our purposes herein are his full-time teaching and part-time football coaching positions. Gary has separate application processes for teaching and coaching positions, and the jobs have different hiring criteria. *See* Pl.Ex. 6 p. 1 ("[t]he Board must approve all applicants for athletic coaching positions before the applicants performing coaching services"). Similarly, there are separate termination processes, with the result that an employee such as Powell could be fired from his coaching job but retain his teaching job. *See id.* at 3 (Administrative Policy for Termination of Coaches). Indeed, as Gary's policy regarding the employment of coaches indicates, one does not have to be a teacher within the school system or, for that matter, a teacher anywhere, to be considered for a head coaching position. *See id.* at 2. There was a contract governing Powell's employment as a coach that was separate from his teaching contract. Pl.Ex. 15 ("Supplementary Assignment" document, setting forth salary and hours to be worked and signed by Powell and the Principal, Supervisor, and Division Administrator). Moreover, Powell reported to different supervisors for the two jobs.

Given these facts, it is apparent that Powell worked in two separate, independent, discrete capacities for Gary. His coaching and teaching positions were unrelated. Keeping in mind the purpose of the FMLA, we cannot conclude that Powell had a reasonable expectation of FMLA coverage for his part-time job as a football coach. And given the way that Gary chose to structure its employees, we find that Gary had a legitimate expectation that the FMLA would not, in fact, extend to Gary's part-time employees, even if those employees also held other, separate full-time positions with the school. In other words, we conclude that because Gary and Powell treated the two jobs separately and independently, the total hours Powell worked for each respective job should be calculated separately and independently to determine whether the FMLA applies. Because his job as head football coach was undisputedly part-time and did not require more than 1,250 hours of work per year, we conclude that Powell was not an "eligible employee" such that the FMLA applied to his coaching job.

We hasten to add that this holding is limited to situations in which an employee works in multiple capacities for the same employer and the employer and employee treat those capacities completely separately and independently. It is entirely possible that an employee could perform multiple functions for the same employer but, because of the nature of their employment relationship, the employee would be considered to have only one job, encompassing all hours worked for the employer in any capacity, for the purpose of determining FMLA eligibility. Here, however, that was not the case. Consequently, the trial court should have granted summary judgment in Gary's favor.[3]

---

3. Inasmuch as we dispose of the issue on summary judgment in Gary's favor, we will

not address the parties' remaining arguments on appeal and cross-appeal, which relate to

The judgment of the trial court is reversed and remanded with instructions to enter judgment in Gary's favor.

FRIEDLANDER, J., and ROBB, J., concur.

the jury trial and the damages and attorney fee awards.